UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**GWENDOLYN LEE GREEN,**

        **Plaintiff,**

v.                                   CASE NO. 3:05-cv-505-J-25TEM

**DUVAL COUNTY HEALTH DEPARTMENT,**
**State of Florida**
        **Defendant.**
_____/

## ORDER

This cause is before this Court on Defendant's Motion for Reconsideration (Dkt. 11), Plaintiff's response thereto (Dkt. 13), Defendant's Notice of Supplemental Authority (Dkt. 14), and Plaintiff's Reply (Dkt. 17).

In an Order dated September 30, 2005 (Dkt. 10), this Court granted in part Defendant's Motion to Dismiss Plaintiff's Amended Complaint with respect to the monetary damages contained in Count I (Americans with Disabilities Act) and all of Court III (Breach of Contract). The Court denied Defendant's motion with respect to injunctive relief sought in Court I (ADA) and all of Count II (Race Discrimination). Defendant now moves for reconsideration of the Court's determination that Plaintiff's claim for injunctive relief pursuant to the ADA should not be dismissed.

Defendant argues that Plaintiff may only obtain prospective injunctive relief under Title I of the ADA if 1) the claim is against a state officer, and 2) the officer is committing an ongoing violation of federal law. Defendant argues that neither of these conditions are satisfied in this case, and thus Plaintiff may not seek injunctive relief under the ADA. Upon further review, the Court finds Defendant to be correct.

The Court based its previous ruling on the Supreme Court's language in *Bd. of Trustees of*

*the Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001). Specifically, the Supreme Court stated that though Congress did not abrogate a state's sovereign immunity from suit by private individuals for money damages under Title I of the ADA, the standards of the ADA "can be enforced by the United States in actions for money damages, as well as by private individuals in actions for injunctive relief under *Ex Parte Young*, 209 U.S. 123 (1908)." *Id.* at 374 n.9. The Court, thus allowed Plaintiff's claim for injunctive relief against Defendant, a state agency, to go forward.

Defendant argues that the exception to Eleventh Amendment immunity, as articulated in *Ex Parte Young*, is only applicable to suits against a state officer, and has no application against states and their agencies. The Court of Appeals for the Eleventh Circuit has interpreted the Supreme Court's language in *Garrett* in the same way stating, "[i]n a footnote, however, the Supreme Court reaffirmed the *Ex parte Young* exception, noting that its holding about monetary damages did not preclude suits under Title I of the ADA against state officials in their official capacities for injunctive relief." *Miller v. King*, 384 F.3d 1248, 1264 (11th Cir. 2004)(interpreting Title II of the ADA in line with Title I and holding that the Eleventh Amendment doesn't bar prospective injunctive relief against state officers under Title II).

Other Circuits have similarly interpreted the Supreme Court's "injunctive relief" language in *Garrett* to allow suits by private individuals against state officers acting in their official capacity. *Savage v. Glendale Union High School, Dist. No. 205*, 343 F.3d 1036, 1039 (9th Cir. 2003) (stating "[i]t is well established that agencies of the state are immune under the Eleventh Amendment from private damages or suits for injunctive relief brought in federal court" and holding that a school district is not an arm of the state and can thus be sued under Title I of the ADA); *Koslow v. Commonwealth of Pa.*, 302 F.3d 161, 178 (3d Cir. 2002)(holding that while there is no individual

liability under Title I of the ADA, prospective relief against state officials acting in their official capacity may proceed under the statute); *Gibson v. Ark. Dept. of Corr.*, 265 F.3d 718, 720 (8th Cir. 2001)(interpreting *Garrett* to mean that states and their agencies are immune from suit by state employees under the Eleventh Amendment, but individuals in their official capacity are not immune).

Plaintiff's response points to the plain language of the *Garrett* decision which allows suits "by private individuals in actions for injunctive relief," but ignores the *Ex parte Young* limitation. *Garrett*, at 374 n.9. It is clearly established that *Ex parte Young* allows for suits seeking prospective relief against state officials in their official capacity only, and "has no application in suits against the States or their agencies, which are barred regardless of the relief sought." *Puerto Rico Aqueduct v. Metcalf & Eddy*, 506 U.S. 139, 146 (1993). Thus Plaintiff's plain meaning argument fails.

Defendant presents the Court's Order in *Bearelly v. Fla. Dept. of Corr.*, Case No.: 3:00-cv-1355-J-21-TEM (Nimmons, J.) which addresses the same issue. As found in that case, hereto, the Court finds that a state agency is protected from suit under Title I of the ADA by the immunity granted by the Eleventh Amendment because Congress did not validly abrogate such immunity when it enacted the ADA. *Garrett*, 531 U.S. at 374.

Because Defendant is immune from suit pursuant to *Garrett*, the Court makes no determination as to whether Plaintiff's termination was an ongoing or continuous violation of federal law.

Accordingly, it is **ORDERED**:

Defendant's Motion for Reconsideration (Dkt. 10) is **GRANTED**. Count I of Plaintiff's complaint is dismissed in its entirety.

**DONE AND ORDERED** in Chambers this 28th day of November, 2005.

HENRY LEE ADAMS, JR.
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

4